# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Liberty Life Assurance Company
of Boston,

      Plaintiff,

vs.

Mary Zamarippa, Cara Sylvester, and
Brent T. Castleman,

      Defendants.

Civil No. 05-1984 MJD/AJB

**ORDER**

This matter having come before the Court on the motion of Plaintiff Liberty Life Assurance Company of Boston ("Liberty") and of the motion of Defendant Mary Zamarippa for default judgment against Defendants and Counterclaimants Cara Sylvester and Brent T. Castleman, and the Court having considered the motions and all pleadings in opposition, the Court finds as follows:

1. Defendants Mary Zamarippa, Cara Sylvester and Brent Castleman have appeared and answered the Complaint for Interpleader.

2. No claims have been asserted in this matter against Liberty and no basis exists for retaining Liberty as a participating Party.

3. Each of the Defendants in this matter claim to have an interest in the $58,000.00 in insurance proceeds payable by reason of the death of Lawrence G. Sylvester ("Decedent") who was insured under a group life insurance policy ("Group Policy") issued by Liberty to the Decedent's employer, Grede Foundries, Inc. ("Grede Foundries") pursuant to the Grede Foundries group life insurance plan for its employees.

- 2 -

IT IS HEREBY ORDERED that:

1. The Complaint for Interpleader was properly filed to obtain a determination of the proper party to receive the $58,000.00 in proceeds ("Proceeds") payable under the Group Policy by reason of the Decedent's death.

2. This Court has original jurisdiction of this action pursuant to the provisions of 29 U.S.C. § 1132(e)(1) because this action involves competing claims for benefits and to enforce rights under a group life insurance policy issued by Liberty as part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq.

3. Judgment of Interpleader is granted in Liberty's favor regarding Defendants Zamarippa, Sylvester and Castleman.

4. The above-named Defendants are to plead herein and seek adjudication or settle among themselves their rights and claims to the Proceeds.

5. Liberty's pending motion to deposit the Proceeds into Court is granted.

6. Effective upon the deposit of said Proceeds:

    a. All claims of the above named Defendants which have or could have been raised against Liberty with respect to all rights under the Group Policy are dismissed with prejudice;

    b. Mary Zamarippa, Cara Sylvester and Brent Castleman are enjoined from instituting or prosecuting any other proceedings against Liberty or against Grede Foundries or the Grede Foundries group life insurance plan relating to the Proceeds payable under the Group Policy because of the death of the Decedent;

- 3 -

      c. Liberty is fully and finally discharged from all further liability as to any claim related to, arising from, or having any connection with the Proceeds payable under the Group Policy because of the death of the Decedent, including attorneys' fees or any other form of relief.

7. Defendant Mary Zamarippa's Motion for Default Judgment [Docket No. 9] is DENIED.

SO ORDERED THIS <u>6th</u> DAY OF <u>February</u>, 2006.

                                        <u>s / Michael J. Davis</u>
                                        THE HONORABLE MICHAEL J. DAVIS