UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * *

Liberty Life Assurance Company
of Boston,

                Plaintiff,

vs.

Mary Zamarripa, Cara Sylvester,
and Brent T. Castleman,

                Defendants.        Civ. No. 05-1984 (PJS/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion of the Defendant Mary Zamarripa ("Zamarripa") for Summary Judgment.[1]  A Hearing on the Motion was conducted on

---

[1] Throughout the pleadings, the name of this Defendant is subject to several different spellings. As we have no objective basis for determining the proper spelling, for the sake of consistency we have chosen to employ the spelling "Zamarripa" throughout this Report and Recommendation.

September 28, 2006, at which time, Zamarripa appeared by Charles J. Lloyd, Esq., the Defendants Cara Sylvester ("Sylvester"), and Brent T. Castleman ("Castleman"), appeared by Michael A. Bryant, Esq.; and no appearance was made by, or on behalf of, the Plaintiff, which was previously discharged from this action by Order dated February 6, 2006. See, Docket No. 21. For reasons which follow, we recommend that Zamarripa's Motion for Summary Judgment be granted.

## II.  Factual and Procedural Background

This is an interpleader action, under Rule 22, Federal Rules of Civil Procedure, in which the Plaintiff concedes that someone is entitled to the proceeds of a life insurance policy, which was issued to Lawrence G. Sylvester (the "Decedent"), as a benefit of his employment with Grede Foundaries, Inc. ("Grede"). With one exception, the facts are not seriously in dispute.

The Decedent passed away on February 2, 2005. At the time of his death, the named beneficiary to his life insurance policy was the Decedent's sister, Zamarripa. See, Verified Complaint for Interpleader, Docket No. 1, at Exhibit C.[2] However, at

---

[2]Proper foundation for most of the documents, which are critical to our analysis, is laid by the Affidavit of Linda Stalk ("Stalk"), see, Verified Complaint for Interpleader, Docket No. 1, at Exhibit A, and attached Exhibits B through H. See, e.g., Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir.2005)("To be considered on
(continued...)

the time of his death, the Decedent's wife, Sylvester, held a document on which, it is alleged, the Decedent, purportedly in his own handwriting, drew a line through Zamarripa's name as the beneficiary of the policy, and wrote the name of Sylvester's son, Castleman. See, <u>Declaration of Lyla Britt</u>, Docket No. 31, at Exhibit A; <u>Answer and Cross-Claim of Cara Sylvester and Brent T. Castleman</u>, Docket No. 10, at Exhibit A. As a consequence, Sylvester and Castleman argue that Castleman is the proper beneficiary of the policy, while Zamarripa contends that the purported change of beneficiary, which Sylvester and Castleman proffer, "is forged and does not contain a genuine signature of the decedent." <u>Mary Zamarripa's Response to Cross Claim of Sylvester and Castleman</u>, Docket No. 18, at p. 1 ¶2. Alternatively, Zamarripa argues that, since the document was never transmitted to either Grede or the Plaintiff, it could

---

²(...continued)
summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed.R.Civ.P. 56(e)," and "[d]ocuments which do not meet those requirements cannot be considered."), quoting <u>Stuart v. Gen. Motors Corp.</u>, 217 F.3d 621, 635-36 n. 20 (8th Cir. 2000). Stalk has attested to the authenticity of Exhibits B through H, which are attached to her Affidavit, and Sylvester and Castleman have not challenged that attestation, and the documents are plainly admissible. See, <u>Roberson v. Hayti Police Dep't</u>, 241 F.3d 992, 994-95 (8th Cir. 2001)("A plaintiff's verified complaint is the equivalent of an affidavit for purposes of summary judgment, Watson v. Jones, 980 F.2d 1165, 1166 (8th Cir. 1992), and a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint, 28 U.S.C. §1746.").

effect no change in beneficiary even if the document were authentic. Id. at p.1 ¶3. As for Sylvester's claim of entitlement to the insurance proceeds, she argues that, if the proof of entitlement is inconclusive as to whether Zamarripa or Castleman is the proper beneficiary then, by default, she is the proper recipient of the policy proceeds under the provisions of the policy, because she was the Decedent's wife at the time of his death.[3]

As here pertinent, the Decedent's policy reads as follows:

> Each Covered Employee must name a beneficiary to whom the insurance benefits under this policy are payable. If more than one beneficiary is named and if their interests are not specified, any surviving Beneficiaries will share equally.
>
> If, at the death of a Covered Employee, there is no named or surviving beneficiary, Liberty will pay the benefits to the executor or administrator of the Covered Employee's estate. Liberty may, at its option, pay the benefits to a surviving relative in the following order: spouse, child,

---

[3]Since we find, as a matter of law, that Zamarripa is the designated beneficiary to the Decedent's insurance policy, we do not further address Sylvester's contention that she has an independent claim to the insurance proceeds, other than to note that counsel for Sylvester conceded, correctly, that Sylvester would have no viable claim to the insurance proceeds unless neither Zamarripa, nor Castleman, were designated beneficiaries. See, Verified Complaint for Interpleader, Docket No. 1, Exhibit B, at p. 29 of 36 ("If, at the death of a Covered Employee, there is no named or surviving beneficiary, * * * Liberty may, at its option, pay the benefits to a surviving relative in the following order: spouse, child, parent, sibling.").

>parent, sibling. Such payment will release Liberty of all further liability to the extent of payment.
>
>A Covered Employee may change his beneficiary at any time by written request. Liberty or the Sponsor will provide a form for that purpose. Any change of beneficiary will take effect when the Sponsor receives the written request whether or not the Covered Employee is alive at that time. Such change will relate back to the date of the request. Any change of beneficiary will not apply to any payment made before the request was received by the Sponsor.

<u>Verified Complaint for Interpleader</u>, Docket No. 1, Exhibit B, at page 29 of 36.

There is no dispute that the Decedent was a "Covered Employee" under the policy, and that Grede is the "Sponsor," as that term is employed in the policy. <u>Id.</u> at page 9 of 36.[4]

---

[4]The policy also contains a "Conformity with State Statutes" provision, which states as follows:

>Any provision of this policy which, on its effective date, is in conflict with the statutes of the governing jurisdiction of this policy is hereby amended to conform to the minimum requirements of such statute.

<u>Verified Complaint for Interpleader</u>, Exhibit B, at page 29 of 36.

None of the parties contends that the beneficiary provisions, which we have quoted in the text of this opinion, conflict with a statute of the "governing jurisdiction" of the policy. Moreover, the policy contains no choice of law provision but, instead, vests the Plaintiff with "the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder," and the Plaintiff's "decisions
(continued...)

Pursuant to the Order of February 6, 2006, see, Docket No. 21, the Plaintiff deposited $60,074.49 with the Clerk of this Court, which is payable to the proper beneficiary of the Decedent's life insurance policy. Zamarripa seeks a judicial designation, as a matter of law, that she is the beneficiary of the policy, while Sylvester and Castleman oppose Summary Judgment, and seek a full Trial on the merits.

### III.  Discussion

A.   Standard of Review. Summary Judgment is not an acceptable means of resolving triable issues, nor is it a disfavored procedural shortcut when there are no issues which require the unique proficiencies of a Jury in weighing the evidence, and in rendering credibility determinations. See, Wallace v. DTG Operations, Inc., 442 F.3d 1112, 1118 (8th Cir. 2006), citing Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Midwest Oilseeds, Inc. v. Limagrain Genetics Corp., 387 F.3d 705, 711 (8th Cir. 2004), cert. denied, 544 U.S. 977, 125 S.Ct. 1860 (2005). Summary Judgment is appropriate when we have viewed the facts, and the inferences drawn from those

---

[4](...continued)
regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding." Id. at page 31 of 36. However, since the Plaintiff defers any discretion on its part to the Court, the "sole discretion" provision does not substantively impact upon our analysis.

facts, in a light most favorable to the nonmoving party, and we have found no triable issue. See, Smutka v. City of Hutchinson, 451 F.3d 522, 526 (8th Cir. 2006), citing Mayer v. Nextel W. Corp., 318 F.3d 803, 806 (8th Cir. 2003); Eide v. Grey Fox Technical Servs. Corp., 329 F.3d 600, 604 (8th Cir. 2003); Philip v. Ford Motor Co., 328 F.3d 1020, 1023 (8th Cir. 2003). For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case, while a dispute is "genuine" if the evidence is such that a reasonable Jury could return a Verdict for the nonmoving party. See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Planned Parenthood of Minnesota/South Dakota v. Rounds, 372 F.3d 969, 972 (8th Cir. 2004); Fenney v. Dakota, Minnesota & Eastern R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003).

As Rule 56(e) makes clear, once the moving party files a properly supported Motion, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute. In sustaining that burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Federal Rules of Civil Procedure; see also, Anderson v. Liberty Lobby, Inc., supra at 256; Eddings v.

City of Hot Springs, Ark., 323 F.3d 596, 602 (8th Cir. 2003). Moreover, the movant is entitled to Summary Judgment where the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, supra at 322; see also, Forest Park II v. Hadley, 408 F.3d 1052, 1057 (8th Cir. 2005); Mercer v. City of Cedar Rapids, 308 F.3d 840, 843 (8th Cir. 2002); Hammond v. Northland Counseling Center, Inc., 218 F.3d 886, 891 (8th Cir. 2000). No genuine issue of fact exists in such a case because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, supra at 323; see also, Sallis v. University of Minnesota, 408 F.3d 470, 474 (8th Cir. 2005); Davis v. U.S. Bancorp, 383 F.3d 761, 768 (8th Cir. 2004); Bell Lumber and Pole Co. v. United States Fire Ins. Co., 60 F.3d 437, 441 (8th Cir. 1995).

  B. Legal Analysis. The parties concede that this is an action under the Employee Retirement Income Security Act of 1974, as amended. See, Title 29 U.S.C. §1001, et seq. ("ERISA"). Zamarripa contends that, under ERISA, the Court must apply the Federal common law where, as here, ERISA contains no specific provisions for ascertaining the proper beneficiary of an ERISA group life policy, while Sylvester and Castleman are silent on that subject.

Under the law of this Circuit, "where there is no federal statutory law to apply in ERISA litigation, 'federal common law,' not state law, should be applied." Reid v. Connecticut General Life Ins. Co., 17 F.3d 1092, 1098 (8th Cir. 1994), citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1987); see also, McDaniel v. Medical Life Ins. Co., 195 F.3d 999, 1002 (8th Cir. 1999)("Although federal common law is applicable to this case, we may look to state law for guidance, provided state law does not conflict with ERISA or its underlying policies."), citing Mohamed v. Kerr, 53 F.3d 911, 913 (8th Cir. 1995). Although the parties have cited no Eighth Circuit authority as enunciating the Federal common law to be applied in resolving conflicting beneficiary claims, every District Court in this Circuit, which has considered the question, has applied the Federal common law standard enunciated in Phoenix Mutual Life Ins. Co. v. Adams, 30 F.3d 554, 559 (4th Cir. 1994). See, Alliant Techsystems, Inc. v. Marks, 2005 WL 2063889 at *2 (D. Minn., August 25, 2005); Best Life and Health Ins. Co. v. Murray, 2005 WL 2172006 at *4 (W.D. Mo., September 6, 2005); Randles v. Metropolitan Life Ins. Co., 2005 WL 1277775 at *6 (N.D. Iowa, May 25, 2005); Harpole v. Entergy Arkansas, Inc., 197 F. Supp.2d 1152, 1158-59 (E.D. Ark. 2002). We find that standard appropriate, and we apply it here. See, Metropolitan

Life Ins. Co. v. Johnson, 297 F.3d 558, 566 (7th Cir. 2002)(finding the standard in Phoenix Mutual persuasive, and applying the same).

In addressing a contested change of beneficiary, the Court, in Phoenix Mutual applied the following "substantial compliance" standard:

> Pursuant to federal common law, an insured substantially complies with the change of beneficiary provisions of an ERISA life insurance policy when the insured: (1) evidences his or her intent to make the change and (2) attempts to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy.

Phoenix Mutual Life Ins. Co., supra at 564.

The Court went on to explain:

> By definition, substantial compliance is less than actual compliance. The point of the doctrine, whether found in federal or state law, is to give effect to an insured's intent to comply when that intent is evident. The insured decedent need not actually comply, but need only **substantially** comply with the change of beneficiary provisions of the policy to effectuate the desired change. A federal common law of substantial compliance requiring that an insured intend to change [his] beneficiary and that [he] take positive action to effectuate that intent furthers the purposes of ERISA without compromising the integrity of policies issued by plan sponsors.

Id. at 565 [emphasis in original].

Indeed, as the Court observed in Alliant Techsystems, Inc. v. Marks, supra at *2 n. 5, citing Brown v. Agin, 109 N.W.2d 147, 151 (Minn. 1961), even if we were governed by Minnesota law on this question, the standard of "substantial compliance" would still apply.  See also, Lemke v. Schwarz, 286 N.W.2d 693, 695 (Minn. 1979) (In determining whether a change of beneficiary has been effected, the Court applies a two pronged test: "(1) whether the insured intended to change the beneficiary and (2) whether he took affirmative action or otherwise did substantially all that he could do to demonstrate that intention without regard to whether he complied with the change-of-beneficiary provisions in the policy."), quoting Brown v. Agin, supra at 151; Larsen v. Northwestern Nat'l Life Ins. Co., 463 N.W.2d 777, 780 (Minn. App. 1990, rev. denied (Minn., February 6, 1991)("A change of beneficiary of an insurance policy may be effectuated without notice to the insurer where the insured's efforts are otherwise in substantial compliance with the requirements imposed by the contract.").

Here, Castleman and Sylvester admit "that Zamarripa is the named beneficiary of the policy" at issue.  Answer and Cross-Claim of Cara Sylvester and Brent T. Castleman, Docket No. 10, at p. 1 ¶2.  Nevertheless, they argue that, as the document they proffer purports to evidence, the Decedent had intended to change the beneficiary designation, as of December 4, 2004, from Zamarripa to Castleman.  Id. at Exhibit A;

see also, <u>Declaration of Lyla Britt</u>, Docket No. 31, at Exhibit A.  Unfortunately for that argument, however, the Record is devoid of any attestation to the authenticity of the document which assertedly reflects an intent to change beneficiaries.  Zamarripa made clear, from the outset, that the authenticity of the proffered change of beneficiary was hotly contested, going so far as to characterize the document as a "forgery," and attaching comparisons of signatures to accentuate characterization.  See, <u>Mary Zamarripa's Response to Cross Claim of Sylvester and Castleman</u>, Docket No. 18, at p. 2 ¶2, and attached Exhibits 1 and 2.  Nevertheless, Sylvester and Castleman did not respond to that challenge by demonstrating any cognizable basis for accrediting the validity of the purported change of beneficiary.

As a result, in the absence of any proper foundation, Sylvester and Castleman must rely "solely upon the mere allegations or denials" of their pleadings – a reliance which is inadequate, as a matter of law, to create a genuine issue of material fact.  <u>Rule 56(e), Federal Rules of Civil Procedure</u> ("If the adverse party does not so respond ["by affidavits or as otherwise provided in this rule, so as to set forth specific facts showing that there is a genuine issue for trial"], summary judgment, if appropriate, shall be entered against the adverse party.").  Here, Zamarripa's status, as the duly designated beneficiary of the Decedent's insurance policy, has not been

competently challenged, let alone disproved, and therefore, Zamarripa is entitled to Summary Judgment as her entitlement to the insurance proceeds is established as a matter of law.[5]

Even if we assumed, solely for the purposes of argument, that the proffered change of beneficiary document had been properly authenticated, Sylvester and Castleman could not elude the grant of Summary Judgment to Zamarripa. Similarly, even if we assumed that the change of beneficiary form somehow evidenced the Decedent's intent to substitute Castleman for Zamarripa as the named beneficiary, Sylvester and Castleman would still fail to demonstrate substantial compliance with the provisions of the insurance policy, which would be required to effectuate that

---

[5]Sylvester and Castleman also assert that the Declaration of Lyla Britt ("Britt") fails to proffer admissible evidence concerning the absence of the change of beneficiary form in the Decedent's personnel file at Grede. We are not so persuaded, as Britt's Declaration establishes that she is a Welfare Benefits Analyst for Grede, and requested a search of the Decedent's personnel file at his former place of employment in St. Cloud, Minnesota. Britt was informed that the requested search failed to disclose a copy of the document, and she attests to the fact, without contradiction, that Grede has "no record of any change in beneficiary by Mr. Sylvester or any attempt to change beneficiaries." Declaration of Lyla Britt, Docket No. 31, at p. 2 of 4 ¶4. In any event, Sylvester and Castleman bear the burden of demonstrating that the change of beneficiary form raises a genuine issue of material fact, inclusive of demonstrating that the document had been received by Grede. They have wholly failed to carrying that burden. As a result, the only authenticated designation of beneficiary form, which is contained in this Record, designates Zamarripa as the Decedent's beneficiary. See, Affidavit of Linda Stalk, Docket No. 1-1, at Exhibit C.

intent. Although not cited by any party, the Court's decision in <u>Alliant Techsystems, Inc. v. Marks</u>, supra, provides close guidance. There, the decedent had completed a change of beneficiary form, and had transmitted it to the insurer. As is the case here, the operative insurance policy required any change of beneficiary form to be properly completed, received, and filed. In <u>Alliant</u>, the insurer determined that the form was incomplete, and the insurer's rejection letter to the insured appended the improperly completed form, together with a checklist detailing the corrections needed. The insured never submitted a corrected form to the insurer, but did telephone the insurer to confirm his new designation, and was informed, incorrectly, that the newly designated person was his beneficiary.

The Court in <u>Alliant</u>, on cross-Motions for Summary Judgment, concluded that the decedent had not substantially complied with the policy provisions, even though he had received incorrect information from his insurer, since he had not submitted a corrected change of beneficiary form, and therefore, the decedent's intent to change his beneficiaries had not been effected. See, <u>Alliant Techsystems, Inc. v. Marks</u>, supra at *3 ("The Court finds, as a matter of law, that [the decedent's] actions do not constitute a positive attempt to effectuate a change of beneficiary," and "[a]ccordingly, the 202 form naming [the new designee as] the beneficiary did not

substantially comply."). We conclude that the same analysis, on the undisputed facts in this case, which raise no genuine issue of material fact, entitles Zamarripa to Judgment as a matter of law, since the Decedent's alleged change of beneficiary designation, even if accepted as genuine, was neither transmitted, nor received, by the personnel at Grede, as is required by the unambiguous language of the operative insurance policy. See, Verified Complaint for Interpleader, Docket No. 1, Exhibit B, at page 29 of 36 ("Any change of beneficiary will take effect when the Sponsor receives the written request whether or not the Covered Employee is alive at that time.).

Although not argued by Sylvester and Castleman, we have also considered whether the transmittal of the change of beneficiary document to Grede, by counsel for Zamarripa, satisfied the policy language even though, at the time of that transmittal, the Decedent was not alive -- again assuming the authenticity of that document. See, Verified Complaint for Interpleader, Docket No. 1, Exhibit B, at page 29 of 36 ("Any change of beneficiary will take effect when the Sponsor receives the written request whether or not the Covered Employee is alive at the time."). Even under that scenario, we conclude that Zamarripa is entitled to Summary Judgment, for the Declaration of Lyla Britt makes plain that, even if Grede had received the

document that Sylvester and Castleman proffer as a change of beneficiary form, Grede would have required the Decedent to complete a proper change of beneficiary form, as is required by the plain and unambiguous provisions of the governing insurance policy.  See, <u>Declaration of Lyla Britt</u>, Docket No. 31, at pp. 1-2 ¶3 ("In the event an employee wishes to change their [sic] life insurance beneficiary, then a new beneficiary designation card, like what is attached to this declaration as Exhibit B, is provided to the employee who must complete the card and return it to human resources for the change to be effective.").[6]  In short, submission of the proffered change of beneficiary document to Grede would not have legally effected the change in beneficiary that Sylvester and Castleman seek.

Accordingly, we recommend that the Zamarripa's Motion for Summary Judgment be granted.

NOW, THEREFORE, It is --

RECOMMENDED:

---

[6] Neither our analysis, nor the recommendation reached, would be different if we were controlled by Minnesota law, as Zamarripa would unquestionably be entitled to Summary Judgment.  See, e.g., <u>Gwin v. Gappa</u>, 394 N.W.2d 530, 533-34 (Minn. 1986); <u>Cooney v. Equitable Life Assur. Soc. of Untied States</u>, 235 Minn. 377, 380-81, 51 N.W.2d 285, 287-88 (1952); <u>In re Will of Kipke</u>, 645 N.W.2d 727, 733-34 (Minn.App. 2002), rev. denied (Minn., August 20, 2002).

That the Defendant Mary Zamarripa's Motion for Summary Judgment [Docket No. 27] be granted.

Dated: September 29, 2006                    *s/Raymond L. Erickson*
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 17, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 17, 2006** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.